UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY GOMEZ,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

    Defendant.

Case No. 16-13389
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING MOTION FOR RECONSIDERATION [29]**

Amy Gomez worked as a nurse in the Henry Ford Health System. She was fired. Not long after, she sued the health system alleging her termination was the result of numerous unlawful motives. In time, Henry Ford moved for summary judgment. The Court granted the health system's motion.

In granting summary judgment, the Court recognized that Gomez's second amended complaint included five counts. *Jorgensen v. Henry Ford Health System*, No. 16-13389, 2018 WL 4701707, at *5 (E.D. Mich. Sept. 30, 2018). Two counts sounded in state law, three in federal law. (*Id.*) And the health system's motion for summary judgment sought to dismiss Gomez's "first amended complaint in its entirety." (ECF No. 24, PageID.178, 184, 185.) But the health system's motion provided no argument for why they should prevail on Gomez's state-law claims for age and reverse-race discrimination. Thus, the Court granted the health system's motion only with respect to Gomez's federal claims. Then the Court declined to exercise supplemental jurisdiction over the age- and reverse-discrimination claims.

Now the health system moves for reconsideration. Insisting it moved for summary judgment on Gomez's "Second Amended Complaint in its entirety" (ECF No. 29, PageID.650),

the health system urges the Court to go back and dismiss Gomez's remaining state-law claims (age and reverse-race discrimination under ELCRA).

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. Local Rule 7.1(h)(1). And the moving party has a two-part burden. First the moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

The health system says the Court's failure to decide the merits of Gomez's state-law claims was a palpable defect. The health system points out that they moved to dismiss Gomez's complaint "in its entirety." (ECF No. 29, PageID.655–656.) And they argued Gomez could not bring an age or race claim under "any statute or theory" of discrimination. (ECF No. 29, PageID.656.) The health system briefed Gomez's Title VII claims. And, says the health system, ELCRA runs parallel to Title VII. As the Court dismissed the Title VII claims, the parallel ELCRA claims should have gone, too—apparently, without the need to argue them separately. So the health system invites the Court to "correct the defect."

True, the health system's motion does say Gomez's age- and race-discrimination claims cannot proceed under any theory or any statute. Plus, the health system's motion mentions ELCRA three times—twice to summarize counts in Gomez's complaint. (ECF No. 24, PageID.176–177.) But an ELCRA reverse-discrimination claim is not on all fours with a Title VII reverse-discrimination claim. *See Lind v. City of Battle Creek*, 681 N.W.2d 334, 334–335 (Mich. 2004) (departing from federal law to hold that ELCRA does not require a showing of "background circumstances" in a reverse-discrimination claim). And ELCRA—unlike Title VII—permits age

discrimination claims. *See* Mich. Comp. Laws § 37.2202(1)(a). So Gomez's Title VII claims do not completely parallel her ELCRA claims.

Even more, the sum total of the health system's ELCRA argument is as follows: "Plaintiff cannot produce any evidence that HFHS' reasons for any alleged adverse employment action were a pretext for discrimination, interference and/or retaliation under the FMLA, the Michigan Elliott-Larsen Civil Rights Act, the Michigan Persons With Disabilities Civil Rights Act, Title VII or the Americans With Disabilities Act." (ECF No. 24, PageID.177–178.) The health system's motion provides no specific factual or legal analysis of the ELCRA claims. Indeed, there is no citation to case law applying ELCRA (i.e., to age- or reverse-discrimination claims). As the health system had the burden of showing it was entitled to summary judgment, it was not a palpable defect for the Court to decline to make an argument for them. *See Brenay v. Schartow*, 709 F. App'x 331, 336 (6th Cir. 2017) ("It is not enough for a party to mention a possible argument in the most skeletal way and leave the court to put flesh on its bones.") (internal quotations omitted); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Resisting that conclusion, the health system says the Court's ruling on Gomez's Title VII claims will have preclusive effect on her ELCRA claim in the state courts. (ECF No. 29, PageID.663–664.) So the Court should grant summary judgment on the ELCRA claims lest Gomez find herself collaterally estopped from refiling in state court. (*Id.*)

The Court disagrees. The Court did not address the merits of Gomez's ELCRA claims. Instead, it declined to exercise supplemental jurisdiction, thus dismissing the claims without prejudice to refiling. (ECF No. 28, PageID.647–648.) And if the health system believes a preclusion defense will prevail in state court, they are free to make it. But the possible existence

3

of one does not demonstrate a palpable defect in the Court's grant of summary judgment (in the health system's favor).

In sum, the health system's requests for reconsideration are unavailing. The Court granted summary judgment in the health system's favor, and it offers nothing to demonstrate a palpable defect that, upon correction, would change that decision. So the Court DENIES the health system's motion for reconsideration (ECF No. 29.)

SO ORDERED.

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE
Date: October 25, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 25, 2018, using the Court's ECF system.

                                        s/William Barkholz
                                        Case Manager