UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY GOMEZ,

    Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

    Defendant.

Case No. 16-13389
Honorable Laurie J. Michelson

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REVIEW COSTS [34]

Amy Gomez was a nurse in the Henry Ford Health System. She was fired. And after she was fired, she brought suit against Henry Ford, alleging her termination was the product of numerous unlawful motives. (ECF No. 18.) In time, Henry Ford moved for summary judgment (ECF No. 24), which the Court granted, in part (ECF No. 28). Gomez appealed. (ECF No. 36.)

After entry of judgment, but before Gomez appealed, Henry Ford submitted a bill of costs (ECF No. 32). The clerk taxed the costs (ECF No. 33) and, within seven days, Gomez urged the Court to review the taxed costs (ECF No. 34).

Before reviewing the taxed costs, does the Court have jurisdiction to address Gomez's request? Prior to filing her motion to review costs pursuant to Rule 54(d)(1), Gomez filed a notice of appeal. And a notice of appeal "is an event of jurisdictional significance" because it "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012); *Clarke v. Mindis Metals*, No. 95-5517, 1996 U.S. App. LEXIS 27925, at *18 (6th Cir. Oct. 24, 1996). However, a Rule 54(d)(1) motion to review costs is "collateral" to

the merits and so does not seek to alter or amend a final judgment. *See Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–269 (1988). Therefore, Gomez's notice of appeal does not divest the Court of jurisdiction to consider the parties' dispute over the costs taxed. *See Beard v. AAA of Mich*, 593 F. App'x 447, 454–55 (6th Cir 2014) (permitting a district court to amend final judgment to add Rule 54(d)(1) costs even after the plaintiff filed a notice of appeal); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994) (reasoning that "district court may award costs even while the substantive appeal is pending").

Rule 54(d)(1) sets a baseline presumption that a prevailing party may recover litigation costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Recoverable costs are "confined" to those "itemized in 28 U.S.C. § 1920." *Sams v. State Attorneys General*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). And the Court has discretion to limit a taxed bill of costs. *Id.*; *see also Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001) (per curiam). The Court's discretion is informed by a range of factors, including "the necessity of the costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *see also Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004)).

The parties spar over necessity. Henry Ford seeks $2,919.70 in costs. (ECF No. 32, PageID.738.) That total breaks down to $400 for the filing fee, $5 for a docket fee, and $2,514.70 in fees for "transcripts necessarily obtained for use in the case." (*Id.*) All of those costs—docket fees, filing fees, and transcript costs—fall within § 1920's itemized list. *See* 28 U.S.C. § 1920. Gomez insists the $2,919.70 for transcript fees is unnecessary. (ECF No. 34, PageID.886.) Gomez thinks she should only be on the hook for the $672.60 it cost Henry Ford to obtain the transcript for her deposition. (*Id.*) And as for the other transcripts, Gomez says they are unnecessary because Henry Ford could have relied on more economical options, like affidavits. (*Id.*)

When it comes to taxing the costs related to deposition transcripts, "necessity is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). And plenty of courts in this district hold to the rule that deposition transcripts cited by either party in support of, or in opposition to, a motion for summary judgment satisfy the necessity requirement. *See, e.g.*, *Peeples v. City of Detroit*, No. 13-13858, 2017 U.S. Dist. LEXIS 44090, at *5 (E.D. Mich. Mar. 27, 2017); *Lahar v. Oakland County*, No. 05-72920, 2008 U.S. Dist. LEXIS 6197, at *2–3 (E.D. Mich. Jan 29, 2008). Moreover, all transcript fees sought come from transcripts that Henry Ford used in its motion and in the Court's opinion partially granting summary judgment. (*See, e.g.*, ECF No. 24, PageID.189, 190; *see also* ECF No. 32, PageID.741.)

Even so, the Court at least agrees that some of the transcripts were not as necessary as others. Gomez brought a host of employment discrimination claims. Her claims rose and fell on establishing her supervisors' intent layered over a timeline of events. That made her testimony, and her supervisors' testimony, most essential. So it is not surprising that the Court's opinion cited Gomez's deposition transcript eight times, Venecca Thornhill's transcript 11 times, and Mary Finn's transcript seven times. (ECF No. 32, PageID.741.) On the other hand, take the transcripts of two other depositions: Lisa Jones' and Joann Quaine's. Jones worked in a different department, and, while Quaine was a supervisor, it was for an abbreviated period of time. As a result of their tangential connection to the claims, the Court cited Quaine's deposition only once and Jones' deposition only three times. (ECF No. 32, PageID.741.) At most, Jones and Quaine provided context for the testimony offered by Finn, Thornhill, and Gomez. And so Jones' and Quaine's transcripts were relatively less necessary.

Thus, the Court exercises its discretion to modify the clerk's taxed bill of costs. Accordingly, the Court GRANTS IN PART and DENIES IN PART Gomez's motion to review clerk's bill of costs (ECF No. 34). Subtracting the costs associated with Jones' transcript ($356.50) and Quaine's transcript ($249.40), the Court will enter an amended judgment against Gomez, awarding Henry Ford costs in the amount of $2,313.80.

SO ORDERED.

                                  s/Laurie J. Michelson
                                  LAURIE J. MICHELSON
                                  UNITED STATES DISTRICT JUDGE

Date: December 18, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 18, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

                                  s/William Barkholz
                                  Case Manager